**IN THE CIRCUIT COURT OF KANAWHA COUNTY WEST VIRGINIA**

FILED

SEP - 7 2000

SAMUEL L. KAY, CLERK
U. S. District & Bankruptcy Cou
Southern Dis

**WEST VIRGINIA HOUSING DEVELOPMENT FUND**, a West Virginia statutory corporation,

Plaintiff,

v.

Civil Action No.: 00-C-1911

2:00-0841

**OCWEN TECHNOLOGY XCHANGE, INC.**, Formerly known as Amos, Inc., a Connecticut corporation, and, **OCWEN FINANCIAL SERVICES, INC.**, Sometimes known as Ocwen Financial Corporation, a Florida Corporation,

Defendants.

**ANSWER OF AMOS, INC. AND**
**OCWEN TECHNOLOGY XCHANGE, INC.**

Comes now the defendants Amos, Inc and Ocwen Technology Xchange, Inc., (herein sometimes collectively referred to as "these defendants")[1] by counsel, Michael M. Fisher, Esquire, Scott L. Summers, Esquire and Offutt, Fisher & Nord, and answers and otherwise responds to the complaint in the above case as follows

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against any of the defendants in this civil action. Therefore, the Complaint must be dismissed, with prejudice, against these defendants.

1. On even date herewith, the undersigned counsel has filed with the Court motions to dismiss defendants Ocwen Financial Services, Inc. and Ocwen Financial Corporation in lieu of filing an Answer on behalf of those defendants.



2

**SECOND DEFENSE**

1. Answering Paragraph 1 of Plaintiff's Complaint, these defendants are without knowledge or information sufficient to form belief as to the truth of the allegations contained therein, and therefore, deny the same and demand strict proof thereof.

2. Answering Paragraph 2 of Plaintiff's Complaint, these defendants admit that Ocwen Financial Services, Inc. is a Florida corporation with its principal place of business in West Palm Beach, Florida. These defendants specifically deny that Ocwen Financial Services, Inc. is "sometimes referred to as Ocwen Financial Corporation" and further affirmatively state that Ocwen Financial Services, Inc. is an entity completely separate and distinct from Ocwen Financial Corporation.

3. Answering Paragraph 3 of Plaintiff's Complaint, these defendants admit that Amos, Inc. is incorporated in the state of Connecticut and further admit that Ocwen Technology Xchange, Inc. is a wholly owned subsidiary of Ocwen Financial Corporation. These defendants further affirmatively state that Amos, Inc. is a wholly owned subsidiary of Ocwen Technology Xchange, Inc. These defendants specifically *deny that Ocwen Technology Xchange was "formerly known as Amos, Inc." and* demand strict proof thereof. The remaining allegations contained in said paragraph are hereby denied and these defendants demand strict proof thereof.

4. Answering Paragraph 4 of Plaintiff's Complaint, these defendants admit that Amos, Inc. is a party to such contracts, which speak for themselves. These

defendants deny that Ocwen Technology Xchange, Inc. entered into any agreements or contracts with the Plaintiff herein and demand strict proof thereof.

5. Answering Paragraph 5 of Plaintiff's Complaint, these defendants are without knowledge or information sufficient to form belief as to the truth of the allegations contained therein, and therefore, deny the same and demand strict proof thereof.

6. Answering Paragraph 6 of Plaintiff's Complaint, these defendants admit that Amos, Inc. and Plaintiff entered into contracts, which speak for themselves. These defendants are without knowledge or information sufficient to form belief as to what is "best for the Fund's purposes" and therefore denies the same and demand strict proof thereof. These defendants deny the remaining allegations contained therein and demand strict proof thereof.

7. Answering Paragraph 7 of Plaintiff's Complaint, these defendant deny the allegations contained therein and demand strict proof thereof.

8. Answering Paragraph 8 of Plaintiff's Complaint, these defendants admit that Plaintiff attempted to rescind the contract. These defendants deny the remaining allegations contained therein and demand strict proof thereof.

9. Answering Paragraph 9 of Plaintiff's Complaint, these defendants state that the allegations contained therein call for a legal conclusion as to the potential liability of these defendants, and therefore, no response is necessary from these defendants. If it is later determined that a response to the allegations contained in said paragraph is necessary, these defendant deny the allegations contained therein and

demand strict proof thereof. However, these defendants affirmatively state that Plaintiff has been offered further software and services at a reduced price in an effort to address Plaintiff's expanded needs.

10. Answering Paragraph 10 of Plaintiff's Complaint, these defendants deny the allegations contained therein and demand strict proof thereof.

11. The Paragraph following Paragraph 10 of Plaintiff's Complaint contains Plaintiff's prayer for relief, for which no answer is necessary. If it is later determined that a response to said paragraph is necessary, these defendants deny that Plaintiff is entitled to the relief sought therein and demand strict proof thereof.

**THIRD DEFENSE**

These defendants specifically deny each and every allegation contained in Plaintiff's Complaint which has not been specifically admitted herein.

**FOURTH DEFENSE**

Plaintiff's damages, if any, were caused by persons or entities other than these defendants and these defendants did not have any control or any right of control over any other persons or entities.

**FIFTH DEFENSE**

Plaintiff's claims are barred as its damages if any were the result of its own conduct, omissions and/or negligence.

**SIXTH DEFENSE**

These defendants raise the affirmative defenses of comparative negligence, assumption of risk, estoppel, laches and waiver.

**SEVENTH DEFENSE**

These defendants fulfilled all duties, if any, owed by them to Plaintiff.

**EIGHT DEFENSE**

Plaintiff's remedies, if any are warranted, are limited by the specific provisions contracts entered into between Amos, Inc. and the West Virginia Housing Development Authority.

**NINTH DEFENSE**

All or portions of Plaintiff's Complaint are barred by the doctrine of accord and satisfaction.

**RESERVATION OF RIGHTS**

These defendants reserves the right to raise any further affirmative defenses as may be warranted by further investigation and discovery. These defendants also reserves the right to file any further cross-claims, counterclaims, and/or third-party claims as warranted by further investigation and discovery.

**WHEREFORE**, these defendants respectfully prays that the Complaint in this matter be dismissed with prejudice; that they be awarded their costs and attorney's fees involved in the defense of this action and that they be awarded such other and further relief as the court deems just and appropriate.

THESE DEFENDANTS DEMAND A TRIAL BY JURY

**AMOS, INC. and**
**OCWEN TECHNOLOGY XCHANGE, INC.,**

**By Counsel**



OFFUTT,
FISHER & NORD
ATTORNEYS & COUNSELLORS

Michael M. Fisher, Esquire (#4353)
Scott L. Summers, Esquire (#6963)
***OFFUTT, FISHER & NORD***
208 Capitol Street, Fourth Floor
Post Office Box 2833
Charleston, West Virginia 25330-2833
(304) 343-2869

## CERTIFICATE OF SERVICE

I, Michael M. Fisher, counsel for these defendants do hereby certify that I have served the foregoing **"ANSWER OF AMOS, INC. AND OCWEN TECHNOLOGY XCHANGE, INC."** upon counsel for the respective parties at the address below via United States Mail, first-class, postage pre-paid, this 7th day of September, 2000.

John Philip Melick, Esquire
JACKSON & KELLY, PLLC
Post Office Box 553
Charleston, West Virginia 25322
Counsel for Plaintiff

Michael M. Fisher, Esquire (WV #4353)